

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 14-55205 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-00942-VAP-PJW |
| v. | |
| GREG SCHOO, Lieutenant at Chino Institute for Men (CIM), | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Edward Vincent Ray, Jr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in

connection with his housing as a layover inmate at the California Institute for Men.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Ray's Eighth Amendment claims because Ray failed to allege facts sufficient to show that defendant disregarded a substantial risk of serious harm to Ray when he was temporarily housed outside, or in a holding cell. *See Graves v. Arpaio*, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (Eighth Amendment guarantees only adequate heat, not a comfortable temperature; "[o]ne measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses a substantial risk of serious harm" (citations and internal quotation marks omitted)); *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (court may consider the length of time a prisoner must go without benefits).

The district court properly dismissed Ray's due process claims because Ray failed to allege facts sufficient to identify a protected liberty or property interest of which he was deprived. *See Sandin*, 515 U.S. at 486 (holding that discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest); *Ward v. Ryan*, 623

F.3d 807, 813 (9th Cir. 2010) (to establish a due process violation, an inmate must demonstrate that he has been deprived of a protected liberty or property interest by arbitrary government action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**